## Wood, et al. v. Wood.

(Decided October 14, 1921.)

### Appeal from Fayette Circuit Court.

1. Wills—Trusts—Construction.—Under the terms of a will testator provided that the shares of his estate devised to his daughters should be held in trust for them upon certain conditions and limitations. By a codicil it was provided there should be no trustee of the property devised to an unmarried daughter, but she was empowered to manage the property devised to her for her sole and separate use and as prescribed in the trust clause of the will and was to keep it fully insured at all times against fire, nor was she to sell it without the consent of the executor, Held: that the codicil did not create a fee simple estate in the unmarried daughter, but she held her share of the estate subjct to the trusts and limitations of the original will.

2. Wills—Intention of Testator.—In construing a will it is the duty of the court to ascertain the testator's intention as therein expressed and unless it is contrary to law or opposed to some general principle of public policy that intention must govern.

3. Trusts—Conveyance by Parties and Executors and Administrators.—Where property is left in trust with power to the trustees or the person invested with the management of the property to sell and convey the same, the parties in interest, the executor and trustee joining in the conveyance, may pass fee simple title to the purchaser, free of any claim, right or title on the part of the

devisees under the will, the proceeds of the sale to be held in accordance with the trust provision of the will.

ALLEN & DUNCAN for appellants.

JOSEPH S. BOTTS for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

This appeal involves the construction of the will of George W. Brand, deceased. Appellee is a daughter of testator and appellants are her children. Upon the termination of the life estate to his wife and after the payment of certain specific bequests, testator devised the residue of his estate in four equal parts, one each to his three children and the children of a deceased child, each to be charged with any advancements to them during testator's lifetime. As a part of her share in the estate appellee was given a store house and lot on Main street in Lexington. The building on this lot was erected more than sixty years ago; it is one and one-half stories high, and is under lease to one Simon for a term of years—this lease expires July 1, 1926. The net income from said property amounts to something over two thousand dollars per annum. The tenant in the property has offered to purchase same at a price far in excess of $75,000.00. Said proposition is considered so advantageous that it is the desire of all persons in interest to accept same, but the purchaser is unwilling to complete the sale unless he can receive a fee simple title to the property, free of all claims, right and interest of the devisees under the will.

So much of the will, dated February 20, 1882, and probated in March, 1883, as has any bearing upon the present appeal, is as follows:

"4. All of the residue of my estate of every kind and description, including what is devised to my wife, in case I survive her, and that devised to her for life, in case she survive me, at the termination of her life estate I devise as follows, to-wit:

"The advancements made by me to my four children, Lilly, John H., Nannie B. and Fannie H., and the advancements I may make in my lifetime, are to be equalized, so as to make each equal to the highest. In my ledger will be found the advancements which I have charged to each child, and I will continue to make charges on the day book and ledger of advancements which I may hereafter make; when equalized the remainder of my estate, shall be divided into four equal parts, one of which I give to the children of my deceased daughter, Lilly B.

Duncan, one to my son, John H. Brand, and one to my daughter, Nannie B. Voorhies, and the remaining fourth to my daughter, Fannie H. Brand. But the shares devised to my daughters, Nannie B. and Fannie H., and to the female children of my deceased daughter, Lilly Duncan, shall be subject to the limitations and trust herein prescribed, as follows, to-wit:

"I. Said shares shall be held by my executors as trustees of the respective devisees, for the sole and separate use of each of them free from the control or liability for the debts or contracts of their husbands or husband either of them may hereafter have, and without power of anticipating or encumbering the income of the estate so held in trust but with full power in each devisee by her last will to devise the same among her bodily heirs as she may think proper and if she shall make no disposition thereof by will, then the property at her death to pass to her descendants equally *'per stirpes,'* but if she leaves no heirs of her body living at her death the trust property to pass to her brothers and sisters or their descendants *per stirpes.'* "

Codicil to the foregoing will made December 11th, 1882:

"I revoke all the provisions of this will creating trustees of the shares of my estate devised to Nannie B. Voorhies and Fanny Hay Brand, and I appoint Charles H. Voorhies trustee of the estate by this will given to his wife, Nannie B. Voorhies, with the power and duties prescribed in this will in regard to the other trustees, particularly urging upon him not to make any investment of her estate that shall not be absolutely safe, no security to be required of him. There shall be no trustee of the property devised to my daughter, Fannie, and she shall manage it as she thinks proper, but the property shall be for her sole and separate use as prescribed in the 4th clause of my will as part of the share of Fannie Hay Brand in my estate. I give to her my store house and lot on Main street in Lexington, extending back to Water street, to be held for her separate use as prescribed in the 4th clause of the will. I direct, however, that she shall not sell or dispose of said property without the consent of my executor or such of them as qualify and their successors and direct her to keep the property at all times fully insured against fire."

Under another clause of the will the trustees were instructed to pay over to each devisee their share of the net

income of the trust property. The trustees were also given full power to sell any of the real estate and convey same to the purchasers. The only surviving trustee is John H. Brand, a son of testator and one of the devisees under the will, and he is ready and willing to join in a deed conveying the property pursuant to the proposition above referred to.

It is the contention of appellee that under the codicil of December 11, 1882, Fannie Hay Brand Wood acquired an absolute fee simple title to the lot on Main street and she has the right to claim same as her sole and separate estate, free from the trusts and limitations contained in clause 4 of her father's will, and having so acquired such title she has full power to sell and convey same without the consent of the surviving executor, and free from any claim or interest of appellants or other devisees under the will, or at least she has the right to convey a fee simple title to the property with the consent of the executor free of the trust and limitations of clause 4.

Appellants, on the other hand, contend that their mother has only a life estate in the property, with power to sell but is under the duty to invest the proceeds and hold the corpus of the fund in trust, and is not entitled to use any of the principal during her lifetime as she can only use the income realized from the property or the proceeds of sale; that she has the power of disposition by will and in the event she leaves no will, then the property passes under the will of her father to appellants equally, or to such of them or their descendants as may be living at the time of appellee's death, but if none of the appellants or their descendants are living at the death of appellee then said property passes under the will of George W. Brand to appellee's brothers and sisters, or their descendants. The lower court was of the opinion that appellee acquired a fee simple title to said property under the codicil of December, 1882, free from the terms and provisions of section 1, clause 4 of the will and free of all limitations. Complaining of this judgment the children have appealed.

In construing a will it is the duty of the courts to ascertain the testator's intention as therein expressed, and unless it is contrary to law or opposed to some general principle of public policy that intention must govern. It was the manifest intention of testator to make his children equal in the distribution of his estate, and as to his living daughters and the female children of his deceased

daughter it was his expressed desire that the shares should be held in trust for their sole and separate use, with full power in each to devise their shares among their bodily heirs.

The chief purposes of the codicil were two, viz.: (a) the substitution of Charles H. Voorhies, husband of Nannie Brand Voorhies, as trustee for her share of the estate in lieu of the trustees named in the original will, but his powers and duties were limited to those prescribed in the will for the other trustees; and (b) empowering his daughter Fannie to manage her share of the estate as she might think proper, the property to be for her sole and separate use as prescribed in the fourth clause of the will.   Testator undoubtedly had in mind that the share of his daughter Fannie should be held the same as that of his daughter Nannie, and the female children of his deceased daughter Lilly, to-wit: in trust, the only difference being in the names of the trustees. In other words, the daughter Fannie became her own trustee. We do not find in the codicil language expressive of an intention to vest in his daughter Fannie a fee simple title to the property devised to her. It will be noticed that she was empowered merely to *manage,* not to use the property.   It was to be for her own and separate use *as prescribed in the fourth clause of the will,* viz.: in trust.   Nor was she given the right to sell or dispose of the property without the consent of the qualified executors.   Testator's desire to make his daughters equal in the distribution of his estate would not be carried out by giving to one a fee simple title to her share, and to the others a trust estate; nor would testator have required the approval or consent of the executor had he intended to give to his daughter Fannie a fee simple title to the estate.   Furthermore, the direction in the concluding clause of the codicil that the property on Main street should at all times be fully insured against fire is more consistent with the intention to create a trust estate than a devise in fee simple.

In that part of the codicil wherein the daughter Fannie is given the house on Main street in Lexington as a part of her share of the estate testator reiterates his intention that it is to be *held* for her separate use *as prescribed in the fourth clause of the will.*   Hence appellee holds the Main street property the same as any other property derived from her father, and subject to the same trusts and limitations, to-wit: those found in clause four of the will.   But the trustees were given full

power to sell any of the real estate and the daughter Fannie was vested with a like power subject to the consent and approval of the surviving trustee. Although we are of the opinion that appellee did not acquire a fee simple title to the property devised to her, including the lot on Main street in Lexington, she unquestionably has the power to sell and dispose of such property with the consent of the surviving executor and trustee and so as to convey an absolute fee simple title to any purchaser, free of all terms, trusts, conditions or limitations found in the fourth clause of testator's will, and as to the purchaser free of any and all right, title, claim or interest of every kind of appellants or of other persons or devisees under the will of George W. Brand, deceased, but the proceeds of any such sale must be held subject to the provisions of clause four of the will.

The judgment is accordingly reversed for further proceedings consistent herewith.